THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENCARNACIÓN RODRÍGUEZ GARCÍA, Defendant and Appellant.

No. 9909. Argued April 28, 1943.—Decided May 6, 1943.

Antonio L. López for appellant.  R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Encarnación Rodríguez García was charged with having in his possession, on January 10, 1942, a revolver without having declared it in writing to the chief of police of the district where he resides, Caguas, in contravention of §7 of Act No. 14 of 1936 (Special Session Laws, p. 128), as amended by Act No. 95 of 1937 (Laws of 1936–37, p. 239).

At the arraignment the defendant alleged that the revolver was registered in the name of his son.  The court decided that this was a matter of defense to be raised at the trial.  The defendant then pleaded not guilty, and the trial having been set for October 6, 1942, the case was heard and judgment was rendered on that same day, from which the present appeal was taken.

The evidence introduced by the district attorney consisted of the testimony of two witnesses and the revolver itself.  The first witness, Rafael Escribano, testified that he knew the defendant, that he had been recommended to the witness for employment and had been living in a small house he had built for him behind his (the witness's) house in his estate located in the Municipal District of Caguas.  That the defendant threatened him with a revolver and that he called the Caguas police, who sent one of its members to the estate and seized the weapon in the house of the witness; that he saw the defendant in possession of the weapon before it was

seized by the police. The second witness, Manuel Moraza, a seargent of the Insular Police at Caguas, said that the revolver was not recorded in the registry of weapons of his station.

The prosecuting attorney admitted that if the chief of the Insular Police of San Lorenzo were called to testify, he would do so to the effect that the revolver was recorded in the registry of his station in the name of a son of the defendant. The defendant did not offer any other evidence.

The court found the defendant guilty of the alleged violation and sentenced him to pay a $50 fine. The defendant alleges that the court erred in interpreting the law and weighing the evidence.

The defendant alleges, in arguing the first assignment of error, that "§7 of Act No. 14 of 1936 and its amendments refer to the registry of weapons and not of persons." And as it was admitted that the weapon in this case had been registered, there had not been any offense committed. He does not cite any jurisprudence.

Act No. 14 of 1936 (Spec. Sess. Laws, p. 128), as amended by Act No. 95 of 1937 (Laws of 1936–37, p. 239), that was passed for the purpose, among others, to order the declaration of firearms, in any way in which they were possessed, provides by its §7 that "Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, not later than the thirtieth day after the day this Act takes effect, to the Chief of the Insular Police of the district where he resides. Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare, in writing, to the Chief of the Insular Police of the district where he resides."

The provision could not be broader. What is registered is the weapon, but the recording is made in the name of the person who had it in his possession for any reason whatso-

ever on the date in which the law went into effect or who obtained its ownership or possession in any manner whatsoever afterwards.

For that reason the recording of the weapon in the name of his son was valid for the latter, but not for the defendant, who upon acquiring or taking possession of said weapon was under the obligation of recording it anew in his name. The present is not a case of accidental carrying of weapons.

The evident purpose of the statute is that the police should have exact knowledge of the firearms in the Island and who are their owners or possessors so that public order can be maintained.

Neither the first nor the second errors assigned has been committed.

The fact that the evidence shows that the weapon was not seized by the police in the possession of the defendant but in the house of Rafael Escribano, is not conclusive, Escribano having testified that he saw the weapon in the possession of the defendant. The court gave credit to the whole testimony, and had, therefore, a basis to find the defendant guilty.

The judgment must be affirmed.